NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUADALUPE GUERRERO, individually
as the surviving mother of  deceased
Carlos Lamadrid,

　　　　　　Plaintiff-Appellant,

　v.

UNITED STATES OF AMERICA,

　　　　　　Defendant-Appellee.

No.　16-16877

D.C. No. 4:12-cv-00370-JAS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted December 7, 2017[**]
San Francisco, California

Before:  M. SMITH and IKUTA, Circuit Judges, and MCAULIFFE,[***] District
Judge.

---

[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Steven J. McAuliffe, United States District Judge for
the District of New Hampshire, sitting by designation.

Guadalupe Guerrero appeals the district court's order entering judgment in favor of the United States on her wrongful death suit pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1). We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in holding that a justification defense is available to Tidwell under Arizona law, Ariz. Rev. Stat. § 13-405(A), because the statute does not make an exception for a person who accidentally injures a third party while justifiably using force. Although the justification defense is unavailable in the criminal context if a person recklessly injures or kills an innocent third party, *id.* § 13-401, this exception to the justification defense is not applicable in the civil context. Even if it were applicable here, the exception would not help Guerrero because the district court did not clearly err in finding that LaMadrid was not an "innocent third person," and that Tidwell's actions were not "reckless."

The district court's conclusion that Tidwell was justified in using deadly physical force in this case is amply supported by the record. The district court did not clearly err in crediting the testimony of Officer Marcus Gonzalez over the testimony of bystanders, *see United States v. Nelson*, 137 F.3d 1094, 1110 (9th Cir. 1998), and therefore did not clearly err in finding that an individual was hurling rocks the size of "softballs" and one the size of a "brick" at approximately 50 to 60

miles per hour directly at Agent Tidwell, one of which narrowly missed his head. Even Guerrero's own expert concluded that the situation Tidwell faced was life-threatening. Accordingly, the district court did not err in concluding that a reasonable person in Tidwell's position would believe that "deadly physical force [was] immediately necessary to protect himself" against a third party's use of "unlawful deadly physical force." *See* Ariz. Rev. Stat. § 13-405(A).

We also reject Guerrero's claim that Tidwell may not use a justification defense because he negligently put himself in a situation where he had to use deadly force. Guerrero does not assert that Tidwell provoked the rock-thrower's use of force, *see id.* § 13-404(B), and does not point to any other statute or case under Arizona law making the justification defense unavailable to a person who has negligently stepped into harm's way.

Finally, Guerrero presented no plausible evidence that various federal, state, and local agencies conspired to conceal evidence, and therefore the district court did not err in rejecting Guerrero's spoliation claim. *See Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991).

**AFFIRMED.**